## HARMON vs. WATSON.

The indorsement of a writ thus, " *A B* by his attorney,"—is not a sufficient compliance with the statute, for want of the attorney's name.

The employment of an attorney at law to commence an action, does not, of itself, give him authority to indorse the writ with the name of the plaintiff.

THIS was an action of replevin, in which the writ was indorsed thus :—*Phineas Harmon*, by his attorney" ;—and on motion of the defendant in the court below, the writ was abated for want of a sufficient indorsement ; it being admitted that it was made by Mr. *Mc Arthur*, the plaintiff's attorney, by virtue of his employment, as such, to commence the action, and without other authority.  Whereupon the plaintiff appealed to this Court.

*Greenleaf* and *McArthur*, for the plaintiff.

*R. A. L. Codman*, for the defendant.

MELLEN C. J. delivered the opinion of the Court.

Harmon v. Watson.

It is not necessary in this case to decide as to the effect of an indorsement of a writ, when the name of the plaintiff is written on the back thereof, by a person specially authorised for that purpose. Such is not the mode in which it was done in the present instance. It is admitted that the indorsement of the plaintiff's name was made by Mr. *M'Arthur*, by virtue of his employment, as attorney for the plaintiff. We are not aware of his having such an authority, merely in consequence of his employment to commence the action, as the attorney of the plaintiff. Such a construction of the statute would be a virtual repeal of it. An original writ must be endorsed by the plaintiff or his attorney ; and we have decided in *Davis v. Mc Arthur*, 3 *Greenl.* 27, and again in *How v. Codman*, 4 *Greenl.* 79, that when the attorney signs the name of the plaintiff and adds his own too, thus : *"Green Cram*, by his attorney *R. A. L. Codman*," the attorney was bound. It is not worth while to try these experiments for the purpose of evading the statute ; they cannot succeed. Had Mr. *McArthur* signed his own name, as he did in *Davis v. McArthur*, he would have been bound ; as he did not, the writ is abated for the want of a legal indorsement.

*Writ abated and judgment for a return.*